IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ' | |
| | ' | |
| **VS.** | ' | **4:16CR00055 HEA/SPM** |
| | ' | |
| **GEORGE PATINO** | ' | |

### DEFENDANT'S RESPONSE TO GOVERNMENT MOTION TO COMPEL

The Government filed a Motion to Compel Discovery on May 22, 2017 (Doc. 42) seeking an order from the Court requiring ".. immediate production of all the disclosures required under Rule 16 for this witness, as well as full production of any legal billing records or written legal advice provided by this lawyer." In this motion the Government complains that Defendant has failed to provide legal billing records and written legal advice as they requested in their original Motion in Limine/ Motion to Compel.

Counsel for Defendant has produced all of the billing records and written legal advice which he, the Defendant and the attorney witness are in possession of. Counsel for the government is certainly able to cross examine the witness at trial in an effort to demonstrate the absence of billing records or written legal advice, however the mere absence of such does not negate the existence of an attorney client relationship, nor does it warrant precluding the witness from testifying.

The government has most recently filed a motion in limine (Doc. 43, filed on May 25, 2017) detailing their disagreements with the legal advice received by Defendant, which were disclosed in summary fashion as required by Fed. Rule of Crim Procedure 16, and suggesting that because

the Defendant received advice which the government contends was in error, that both the witness and the advice that was given should be excluded.

The government's Motion in Limine should be likewise denied.  Defendant is not attempting to persuade either this court, or the jury that the advice he received was in fact sound legal advice.  Defendant is offering this evidence and testimony strictly for the fact that he a) sought legal advice with respect to the shipment of HGH from Mexico to the United States, b) received advice regarding these shipments from an attorney whom he had a longstanding attorney client relationship with, and c) relied on this advice.

Defendant has provided the Government with approximately ten pages of billing records from the attorney to the client dating as far back as 2004 and 2005.  However, more recent billing records are unavailable due to the death of the attorney's long time paralegal.  The government will have ample opportunity on cross examination to attempt to erode the credibility of this witness due to missing or inadequate billing records.  Put simply, the Defendant cannot be compelled to produce what he does not have, but the absence of these records does not preclude the witness from testifying, and the government has cited no authority whatsoever suggesting that any appellate court has upheld the exclusion of a defense witness due to the absence of billing records or written legal advice.

The government's Motion to Compel should be denied.

Respectfully submitted,

/s/ Nathan J. Mays
Nathan J. Mays
State Bar No.: 24003981
Federal I.D. No. 32780
402 Main St. Ste 400
Houston, TX 77002
Office: 713-229-2490
Email: nathan_mays@sbcglobal.net
**Attorney for Defendant**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served upon all counsel of record in this case via electronic service through the ECF system upon the date of its filing.

/s/ Nathan J. Mays
**Nathan J. Mays**